UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| RODORRIO WELLS, a.k.a. RODORRIO WELLS-BEY,<br><br>    Petitioner,<br><br>v.<br><br>GREGORY KIZZIAH, Warden,<br><br>    Respondent. | Civil Action No. 7:17-178-KKC<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Rodorrio Wells is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Wells filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1]. For the reasons set forth below, the Court will deny Wells's petition.

In 1996, Wells was convicted of multiple crimes in the Superior Court for the District of Columbia, including but not limited to armed robbery, armed kidnapping, carjacking, assault with the intent to kill, and felony murder, and he was ultimately sentenced to decades in federal prison. Wells appealed his case and later moved to vacate his convictions and sentences pursuant to D.C. Code § 23-110, but his efforts were largely unsuccessful. More recently, in 2016, Wells filed a § 2241 petition with this Court in which he attacked his convictions and sentences. *See id.* This Court, however, conducted an initial review of that petition and denied Wells's request for relief. *See Wells v. Sepanek*, No. 0:16-cv-123-KKC at R. 13 (E.D. Ky. June 5, 2017). Nevertheless, Wells has now filed yet another § 2241 petition attacking his convictions and sentences. Wells has also filed a motion for leave to proceed in forma pauperis.

As an initial matter, the Court will grant Wells's fee motion. That is because the financial documents accompanying Wells's motion indicate that his inmate account balance is only $0.18. In light of this information, it is clear that Wells does not have enough money to pay even a portion of the filing fee in this case.

That said, the Court will deny Wells's § 2241 petition because it constitutes another impermissible collateral attack on his convictions and sentences. As this Court explained in its June 5, 2017 decision denying Wells's last petition, he must challenge his convictions and sentences in the Superior Court for the District of Columbia utilizing the District's own mechanism for collateral attacks, D.C. Code § 23-110. *See id.*

It is true that, under certain limited circumstances, federal prisoners have been permitted to challenge the validity of their convictions or sentences under § 2241. However, the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Here, while Wells cites various Sixth Circuit and Supreme Court cases, as well as numerous provisions of the D.C. Code, his arguments are very difficult to follow and he has not demonstrated in any clear way that he meets the requirements set forth in either the *Wooten* or *Hill* cases. For these reasons, as well as those stated in the Court's June 5, 2017 decision, Wells's § 2241 petition is unavailing.

Accordingly, it is hereby **ORDERED** as follows:

1. Wells's motion for leave to proceed in forma pauperis [R. 3] is **GRANTED** to the extent that the $5.00 filing fee in this case is **WAIVED**.

2. Wells's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED.**

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

Dated December 7, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY